# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1364V
### Filed: February 15, 2017
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| PAULETTE R. MILINER, | \* | |
| | \* | |
| Petitioner, | \* | Joint Stipulation on Damages; |
| v. | \* | Influenza ("Flu") Vaccine; Guillain-Barré |
| | \* | Syndrome ("GBS"); Special Processing |
| SECRETARY OF HEALTH | \* | Unit ("SPU") |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Nancy R. Meyers, Ward Black Law, Greensboro, NC, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

    On October 19, 2016, Paulette R. Miliner ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine on December 4, 2015. Pet. at 1; Stip., filed Feb. 14, 2017, at ¶¶ 1, 2, 4. Petitioner further asserts that the vaccine was administered in the United States, that she experienced the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action for damages as a result of her condition. Pet. at ¶¶ 2, 13-16; Stip. at ¶¶ 3-5. Respondent denies that the flu vaccine either caused or significantly aggravated petitioner's alleged injury or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury. Stip. at ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on February 14, 2017, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $200,000.00 in the form of a check payable to petitioner, Paulette R. Miliner.**  Stip. at ¶ 8.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  *Id.*

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PAULETTE R. MILINER, ) | |
| ) | |
| Petitioner, ) | No. 16-1364V ECF |
| ) | |
| v. ) | Chief Special Master Dorsey |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### STIPULATION

The parties hereby stipulate to the following matters:

1.   Petitioner, Paulette R. Miliner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program").   The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.   On December 4, 2015, petitioner received the flu vaccine.

3.   The vaccine was administered within the United States.

4.   Petitioner alleges that, as a result of receiving the flu vaccine, she suffered from Guillain-Barre syndrome ("GBS"), and that she experienced symptoms of this injury for more than six months.

5.   Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her alleged injuries.

1

6.    Respondent denies that the flu vaccine either caused or significantly aggravated petitioner's alleged injury or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury.

7.    Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.    As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $200,000.00, in the form of a check payable to petitioner.    This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.    As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. Section 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.    Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.

2

§ 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.    Payment made pursuant to paragraph 8 of this Stipulation, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.    The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13.    In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on December 4, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about October 19, 2016, in the United States Court of Federal Claims as petition No. 16-1364V.

14.    If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.   If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.   This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except as otherwise noted in paragraph 9 above.   There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.   The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.   This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine received by petitioner either caused or significantly aggravated petitioner's alleged injury or any other injury.

18.   All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

PAULETTE R. MILINER

**ATTORNEY OF RECORD FOR
PETITIONER:**

NANCY R. MEYERS
Ward Black Law
202 West Wendover Avenue
Greensboro, NC 27401
(336) 333-2244

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

NARAYAN NAIR, M.D
Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 2/14/17

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR
RESPONDENT:**

DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4357

5